1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARTIN G. WILKINSON,

    Plaintiff

v.

AARON FORD, et al.,

    Defendants

Case No.: 3:24-cv-00261-MMD-CSD

**Order**

Re: ECF No. 1, 1-1

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

1    (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

2    benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

3         A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee;

4    therefore, the application is granted.

**II. SCREENING**

6    **A. Standard**

7         "[T]he court shall dismiss the case at any time if the court determines that-- (A) the

8    allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails

9    to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

10   defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

11        Dismissal of a complaint for failure to state a claim upon which relief may be granted is

12   provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

13   tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

14   court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668

15   F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to

16   state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

17   Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

18   Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

19   232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

20        The court must accept as true the allegations, construe the pleadings in the light most

21   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

22   395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

23

2

1  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

2  (1980) (internal quotation marks and citation omitted).

3         A complaint must contain more than a "formulaic recitation of the elements of a cause of

4  action," it must contain factual allegations sufficient to "raise a right to relief above the

5  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

6  must contain something more … than … a statement of facts that merely creates a suspicion [of]

7  a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

8  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

9  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10        A dismissal should not be without leave to amend unless it is clear from the face of the

11  complaint that the action is frivolous and could not be amended to state a federal claim, or the

12  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

13  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

14  **B. Plaintiff's Complaint**

15        Plaintiff's complaint names as defendants: Nevada Attorney General Aaron Ford,

16  Washoe County Sheriff Darin Balaam, and City of Sparks Mayor Ed Lawson. Plaintiff asserts

17  that his rights under the Fourth, Eighth and Fourteenth Amendments were violated. He avers that

18  Nevada Highway Patrol (NHP) officers made an illegal stop, false arrest, search and seizure.

19  Next, he claims that sheriff's office personnel committed cruel and unusual punishment and

20  multiple illegal seizures of his property. Finally, he asserts that the bailiff violated his due

21  process rights.

22        42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights

23  conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of

1  substantive rights, but merely provides a method for vindicating federal rights elsewhere

2  conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation

3  omitted).

4      To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of

5  rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by

6  conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418,

7  1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

8      To adequately plead the section 1983 elements, a complaint must identify what

9  constitutional right each defendant violated and provide sufficient facts to plausibly support each

10  violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must

11  personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*,

12  914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating

13  the Constitution.").

14      Plaintiff names Attorney General Aaron Ford, Washoe County Sheriff Balaam, and

15  Sparks Mayor Lawson, but his complaint includes no factual allegations as to how each of these

16  individuals violated his constitutional rights. He mentions an illegal stop, arrest, and search and

17  seizure by NHP officers, but his complaint does not name any NHP officers. Nor does he include

18  *factual* allegations indicating how a specific NHP officer violated his rights. An illegal, stop,

19  seizure and search would fall under the Fourth Amendment.

20      Next, he alleges sheriff's office personnel committed cruel and unusual punishment and

21  multiple illegal seizures of his property. However, he does not identify whom at the sheriff's

22  office violated his rights. Nor does he include *factual* allegations to demonstrate how his rights

23  were violated (i.e., describing what happened). Lastly, he mentions the Cruel and Unusual

4

Punishment Clause of the Eighth Amendment, but that only applies to convicted prisoners. If Plaintiff was being arrested or was a pretrial detainee, his rights would fall under the Fourth Amendment.

Finally, Plaintiff alleges that the bailiff violated his due process rights, but he does not identify the bailiff. Nor does he allege *how* his due process rights were violated by including factual statements regarding what occurred.

For these reasons, Plaintiff's complaint will be dismissed without prejudice and with leave to amend so Plaintiff may attempt to cure the deficiencies noted above.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: July 19, 2024

_____
Craig S. Denney
United States Magistrate Judge