UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN G. WILKINSON,<br><br>    Plaintiff<br><br>v.<br><br>NEVADA ATTORNEY GENERAL AARON FORD, et al.,<br><br>    Defendants | Case No.: 3:24-cv-00261-MMD-CSD<br><br>**Report & Recommendation of U.S. Magistrate Judge**<br><br>Re: ECF Nos. 5, 6 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a first amended complaint (FAC) (ECF No. 5), which the court will now screen pursuant to 28 U.S.C. § 1915(e). He has also filed a motion requesting an extension of time to file motions to allow him to research for further specificity of the Defendants and to clarify other matters in his pleading. (ECF No. 6.)

## I. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's FAC**

Plaintiff's FAC names the following Defendants: (1) Nevada Attorney General Aaron Ford; (2) Nevada Highway Patrol Officers Kaminski and Baum; (3) Washoe County Sheriff Darin Balaam; (4) at least three officers at the Parr Facility[1]; (5) Washoe County Administrators of the Sparks Justice Court; (6) Bailiff Department Supervisor Officer Scott Kreber; (7) Washoe County Department of Alternative Sentencing staff members.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

---

[1] The court will construe the FAC as referring to the Washoe County Detention Facility (WCDF), located at Parr Boulevard in Reno, Nevada.

### 1. Nevada Attorney General Aaron Ford and Washoe County Sheriff Balaam

Plaintiff's only allegation against Attorney General Aaron Ford is that he is responsible for the administration of law enforcement agencies in the State of Nevada.

Plaintiff's only allegation against Sheriff Balaam is that he is responsible for the administration of personnel under the Sheriff's Department.

"'Under section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id*. (quoting *Hansen*, 885 F.2d at 646).

The causal connection can include: "1) [the supervisor's] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) conduct that showed a reckless or callous indifference to the rights of others." *Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citations and internal quotation marks omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or should have known would cause others to inflict a constitutional injury." *Id*. (citing *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (Apr. 30, 2012)) (internal quotation marks omitted).

In addition, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of a constitutional violation.'"

*Crowley v. Bannister,* 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Hansen*, 885 F.2d at 646) (internal quotation marks omitted).

Plaintiff has not included any factual allegations with respect to either Attorney General Ford or Sheriff Balaam to state a claim upon which relief may be granted. As Plaintiff has already been given an opportunity to amend in this regard, and because it appears that he seeks to name these Defendants only because they are heads of departments, they should be dismissed with prejudice at this juncture.

**2. Nevada Highway Patrol Officers Kaminski and Baum**

Plaintiff alleges that he was stopped by two Nevada Highway Patrol (NHP) Officers while walking adjacent to Interstate 80. The officers told him he could not walk there, and Plaintiff disputed with them whether it was legal to do so, but the officers refused to listen to him. Plaintiff states that he was accused of making a false statement to obstruct a public official, but he never made a false statement.

First, Plaintiff does not state a claim for relief under the Fourth Amendment based on the allegations that the officers would not listen to Plaintiff.

Second, is unclear whether Plaintiff is attempting to assert a Fourth Amendment claim against the NHP Officers for false arrest. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend IV. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."). "Probable

cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

Plaintiff alleges that he did not make a false statement, but he does not specifically allege the NHP Officers lacked probable cause to arrest him for walking along Interstate 80.

Finally, Plaintiff avers that when he was taken into custody at the WCDF, the NHP Officers checked him in with omissions from his inmate property inventory form, including his medications and money. However, he does not allege these items were taken or missing, or that he did not get his property back when he was released.

In sum, Plaintiff still fails to state a colorable claim for relief against the NHP Officers. In an abundance of caution, Plaintiff should be given one final opportunity to amend as to these Defendants.

**3. Three Officers at the WCDF**

Plaintiff alleges the first officer was unnecessarily abusive. This is insufficient to assert a claim for relief against the first WCDF officer.

The second officer he accuses of fondling Plaintiff's genitals during a second search, while grinning. Plaintiff could arguably state a claim for relief against the second officer, once he is identified. However, he still does not include sufficient factual detail to support his claim.

He avers the third officer ordered a seizure of medications as punishment for Plaintiff asking for his reading glasses. Plaintiff does not allege he suffered any harm as a result of this alleged seizure or that he did not get his medications back. Therefore, he fails to state a claim for relief against the third WCDF officer at this juncture.

6

Finally, Plaintiff refers to evasive questioning and being forced to sit upright in a chair until he was released the following day, which resulted in sleep deprivation. However, it is unclear whether he intends to proceed with claims based on these allegations. If so, he does not include sufficient factual detail to state a claim. Nor does he allege who is responsible for these alleged violations of his rights.

In conclusion, Plaintiff still fails to state a cognizable claim for relief against the three unidentified WCDF officers. Plaintiff should be given one final opportunity to amend to state a claim against these Defendants.

### 4. Washoe County Administrators of the Sparks Justice Court

Plaintiff includes no allegations with respect to these unidentified Defendants. As Plaintiff has already been given leave to amend in this regard, these Defendants should be dismissed with prejudice.

### 5. Bailiff Department Supervisor Officer Scott Kreber

Plaintiff alleges Kreber made false statements and accusations to force Plaintiff to accept a plea.

Plaintiff's conclusory allegations against Kreber lack any factual basis to support a colorable claim for relief. Plaintiff does not allege what false statements or accusations were made that forced Plaintiff to accept a plea or any other detail regarding how Kreber's conduct, as a bailiff supervisor, forced Plaintiff into accepting a plea.

Plaintiff should be given one final opportunity to amend to attempt to state a claim against Kreber.

///

///

**6. Washoe County Department of Alternative Sentencing Staff Members**

Plaintiff alleges these Defendants engaged in actions he considered to be harassment, obstruction and unnecessarily time consuming. Plaintiff claims he was required to go to a location in Reno and wait in line to be interviewed and then had to periodically call in to the office. He was subsequently required to go back to the Reno location and wait to be interviewed, which he avers was time consuming and inconvenient. He believes some sort of "mischief was afoot" because another staff member commented regarding Plaintiff having to appear in person.

These allegations do not give rise to a claim for violation of Plaintiff's constitutional rights. The fact that Plaintiff may have been inconvenienced by having to report to this office does not support a claim for violation of the Due Process Clause. Moreover, Plaintiff fails to allege what any particular staff member did that would violate his rights. As Plaintiff has already been given leave to amend, these Defendants should be dismissed with prejudice.

## II. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DISMISSING** the following Defendants from this action **WITH PREJUDICE**: Nevada Attorney General Aaron Ford, Washoe County Sheriff Balaam, Washoe County Administrators of the Sparks Justice Court; and Washoe County Department of Alternative Sentencing Staff Members.

(2) **DISMISSING** the following Defendants from the FAC **WITH LEAVE TO AMEND**: NHP Officers Kaminski and Baum; the three officers at WCDF; Bailiff Department Supervisor Scott Kreber.

(3) Plaintiff should be given **30 DAYS** from the date of any order adopting this Report and Recommendation to file a second amended complaint correcting the deficiencies noted

above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall not include any Defendants or claims that have been dismissed with prejudice. Plaintiff shall clearly title the amended pleading as "SECOND AMENDED COMPLAINT." Plaintiff should be cautioned that if he fails to timely file a second amended complaint within the 30 days, this action may be dismissed.

(4) To the extent it is recommended that Plaintiff be given another opportunity to amend, his request for an extension of time (ECF No. 6) should be **GRANTED**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 18, 2024

_____
Craig S. Denney
United States Magistrate Judge