UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN G. WILKINSON,<br><br>　　　　　　　Plaintiff,<br>　v.<br>AARON FORD,<br><br>　　　　　　　Defendant. | Case No. 3:24-cv-00261-MMD-CSD<br><br>ORDER |

　　　　On December 9, 2024, the Court accepted and adopted in full Judge Denney's Report and Recommendation (ECF No. 7) and directed *pro se* Plaintiff Martin G. Wilkinson to file a second amended complaint ("SAC") within 30 days. (ECF No. 8.) That deadline has now long passed, and Wilkinson has not filed a SAC or otherwise responded to the Court's order.

　　　　District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali,* 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone,* 833 F.2d at 132-33; *Henderson,* 779 F.2d at 1424. The Court's latest order requiring Plaintiff to file a SAC expressly stated: "Wilkinson must file any SAC consistent with this order and the R&R within 30 days. If Wilkinson does not file a SAC within 30 days, the Court may dismiss this case, in its entirety, with prejudice, and without further advance notice to Wilkinson." (ECF No. 8 at 3.) Thus, Wilkinson had adequate warning that dismissal would result from his noncompliance with the Court's orders to file a SAC.

///

///

///

///

///

It is therefore ordered that this action is dismissed with prejudice based on Wilkinson's failure to file a second amended complaint in compliance with this Court's orders.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 17th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE